**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0901n.06

**No. 12-6511**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HEATHER MINICK, Individually, and as surviving spouse of Michael Minick, Deceased, and as Co-Administrator of the Estate of Michael Minick, | ) ) ) ) | |
| | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| METROPOLITAN GOVERNMENT OF NASHVILLE, DAVIDSON COUNTY, TENNESSEE, et al., | ) ) ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| MAILENA MASON, Individually and in her official capacity, | ) ) ) | |
| | ) | |
| Defendant-Appellant. | ) | |

FILED
Oct 21, 2013
DEBORAH S. HUNT, Clerk

Before:  BATCHELDER, Chief Judge; COOK and O'MALLEY, Circuit Judges[*]

COOK, Circuit Judge.  Plaintiff Heather Minick sued Defendant Mailena Mason, a hospital

unit secretary, and others, for violating her husband's Fourteenth Amendment rights by failing to

protect him from excessive force that led to his death.  Mason appeals the district court's denial of

qualified immunity.  We reverse.

---

[*]The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

No. 12-6511
*Minick v. Metro. Gov't of Nashville, Davidson Cnty., Tenn., et al.*

I.

"Because this appeal comes to us on a motion to dismiss, we construe the complaint liberally in the plaintiff['s] favor and accept all its factual allegations and inferences as true." *Hudson v. Hudson*, 475 F.3d 741, 743 (6th Cir. 2007). A 911 call reported an unknown man walking in the woods around Nashville, Tennessee. The responding officer identified the suspect as Michael Minick and discovered that he had an outstanding warrant for failure to appear on a misdemeanor traffic charge. The officer tased Minick and then took him to Nashville General Hospital, where an emergency-room physician treated him for severe dehydration and loss of muscle mass. Authorities then transferred Minick to the hospital's "lock-up" floor and detained him.

Later that day, Minick allegedly became combative. Unit Secretary Mailena Mason heard noise coming from Minick's room, left her desk to investigate, and met a county deputy outside of the room who told her "that everything was fine." Mason returned to her desk. The deputy overseeing Minick requested back-up assistance from fellow deputies. The deputies entered the room, closed the door, and attacked Minick. Mason continued to hear a "ruckus."

Moments later, Mason told Minick's nurse that "something was going on with her patient . . . in his room and his emergency call light had been pulled from the wall." The nurse rushed to Minick's room where she found him unconscious on the floor. Minick died approximately one month later.

No. 12-6511
*Minick v. Metro. Gov't of Nashville, Davidson Cnty., Tenn., et al.*

Heather Minick sued Mason, among others,[1] under 42 U.S.C. § 1983 for failing to protect her husband. Mason moved to dismiss for failure to state a claim, arguing alternatively her entitlement to qualified immunity. The district court denied the motion on both grounds, and Mason appeals.

II.

Though ordinarily we do not review interlocutory orders denying dismissal, "we recognize an exception to this general rule when a qualified immunity defense is denied," *Hudson*, 475 F.3d at 743, as here, when the district court allowed the Fourteenth Amendment claim to proceed, noting that qualified immunity would be "appropriately resolved following discovery." Thus, we may review this denial on interlocutory appeal.

Qualified immunity protects government officials performing discretionary functions from liability when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 400 (6th Cir. 2009) (citation and internal quotation marks omitted). More than a defense, qualified immunity serves as an "entitlement not to stand trial or face the other burdens of litigation." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal quotation marks omitted)). "Unless the plaintiff's allegations state a claim of violation of clearly established law,

---

[1]Minick continues to pursue claims against other defendants, including the deputies who allegedly beat Michael Minick.

a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526.

We review the district court's denial of qualified immunity de novo asking if Minick's allegations, if proved, "would allow a jury to find a violation of a clearly established constitutional right." *Sutton v. Metro. Gov't of Nashville & Davidson Cnty.*, 700 F.3d 865, 871 (6th Cir. 2012). Two steps comprise our qualified immunity analysis here. First, Minick must plead a plausible violation of her husband's rights. Second, she must show that right was clearly established at the time of the incident. *Id.*; *Carver v. City of Cincinnati*, 474 F.3d 283, 285 (6th Cir. 2007).

As a threshold matter, Minick, without citing any authority, summarily states that qualified immunity does not protect Mason because she is not a government official. Yet, as an employee of Nashville General Hospital, owned and operated by the metropolitan government, Mason benefits from qualified immunity. Our precedent extends qualified immunity to persons employed comparably to Mason. *See, e.g.*, *Hearring v. Sliwowski*, 712 F.3d 275, 278–82 (6th Cir. 2013) (school nurse); *Farinacci v. City of Garfield Heights*, 461 F. App'x 447, 448–50 (6th Cir. 2012) (city employees); *Davis v. Holly*, 835 F.2d 1175, 1179–82 (6th Cir. 1987) (state hospital administrators and supervisors).

Second, Minick fails to carry her burden of showing that Mason violated a clearly established constitutional right. *See Andrews v. Hickman Cnty., Tenn.*, 700 F.3d 845, 853 (6th Cir.

2012). Hearing a disturbance, Mason: 1) questioned the law enforcement officer present; and 2) upon receiving his assurance, referred the matter to the patient's nurse.

Minick does not explain how this conduct rises to the level of a constitutional violation. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that [her] conduct was unlawful in the situation [she] confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). We ask this question in the specific context of this case, and not as a general proposition. *Carver*, 474 F.3d at 287; *see also Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009). Though Minick need not provide a case that previously found the very same action unlawful, *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002), ordinarily the plaintiff must point the court to a decision from the Supreme Court, Sixth Circuit, or other appellate court finding a constitutional violation in analogous circumstances. That is, Minick must offer the court cases demonstrating that Mason's conduct falls within the realm where a reasonable official would realize that her conduct violates a right. *Andrews*, 700 F.3d at 853; *Waeschle*, 576 F.3d at 544. "[I]n the light of preexisting law the unlawfulness must be apparent." *Andrews*, 700 F.3d at 853 (citation omitted).

Minick cites no law establishing constitutional liability for a hospital unit secretary failing to protect a patient under *another's* care. Minick also fails to provide authority for the proposition that such an employee has a duty—or even would have been permitted—to intervene in a situation

similar to what Mason faced. Minick provides no case, and we know of none, finding a constitutional violation under similar circumstances. *See Carver*, 474 F.3d at 287.

The district court, in holding that the complaint stated a facially plausible constitutional violation, relied on *Durham v. Nu'Man*, 97 F.3d 862 (6th Cir. 1996). That case, however, differs in important ways: the defendant nurse both initiated the encounter that led to the beating of a patient in her care and also watched security officers attack him. *Durham*, 97 F.3d at 868. *Durham* held summary judgment inappropriate because "precedent holding police officers . . . liable for failure to intervene was sufficient to place the *nurse who caused the conflict* on notice that she had a duty to protect [the] plaintiff *while under her charge*." *Id.* (emphasis added). Minick alleges no comparable facts. *Cf. Davis v. Rennie*, 264 F.3d 86, 93, 114 (1st Cir. 2001) (citing *Durham*, court held that supervising nurse and mental health workers who restrained patient during an attack had notice of the clearly established constitutional duty).

Accepting Minick's allegations as true, we find that Mason violated no clearly established right. Because a reasonable official in Mason's shoes would not know that her response violated Minick's clearly established rights, qualified immunity shields Mason from liability. *Saucier*, 533 U.S. at 202; *see also Carver*, 474 F.3d at 287 (acknowledging case should be dismissed if complaint does not state a violation of a clearly established constitutional right); *Jackson v. Schultz*, 429 F.3d 586, 592 (6th Cir. 2005) (same).

III.


For these reasons, we REVERSE the district court's judgment denying qualified immunity

to Mason and REMAND for proceedings consistent with this opinion.